

again disagree. We cannot see that this provision is anything more than a pledge that the policy would provide the insurance coverage legally required of the insured by the state in which the accident occurred. We are directed to no Pennsylvania law requiring that passengers obtain any automobile insurance at all.

Even if the out-of-state endorsement in this policy were so ambiguous as to permit an interpretation along the lines suggested by the plaintiff, a glance at the policy as a whole reveals that this isolated provision is in the *liability insurance* section of the policy. The first page of the policy clearly indicates a $5,000 limit as to basic reparations benefits. This limit is reiterated in the Connecticut endorsement which, according to the affidavit of Gerry Gorman of Fireman's Fund, was attached to the insurance policy of the plaintiff's father. Consequently, there can be no contractual basis for additional recovery of basic reparations benefits beyond those authorized by Connecticut law.

As we have considered Mr. Gorman's affidavit, we shall treat our disposition of the plaintiff's claim against Fireman's Fund as one of summary judgment. Fed.R.Civ.P. 12(c), 56.

Appropriate orders will issue.

PRETRIAL ORDER NO. 34

GEORGE C. PRATT, District Judge.

By motion returnable April 21, 1982 defendant Uniroyal Merchandising Co., Inc. (UMC) moves for summary judgment dismissing all claims against it. An officer of UMC states under oath that UMC has never designed, manufactured, or sold Agent Orange or any phenoxy herbicide for use in southeast Asia during the relevant period.

The court, in pretrial order # 33, granted motions based on similar representations by defendants Ansul, Hooker, and Occidental on condition that defendants consent to renewal of the actions pending against them and a waiver of the statute of limitations if additional evidence should surface during discovery. UMC has filed a stipulation to this effect, and no one opposes the instant application.

Under these conditions, UMC's motion for summary judgment is granted.

SO ORDERED.

**In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.**

**MDL No. 381.**

United States District Court, E. D. New York.

April 26, 1982.

when an insured operates a vehicle in a state requiring no-fault coverage. There are, then, three interpretations possible here. According-

ly, the policy is ambiguous and must be construed in favor of the insured.